UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRENDA ANN SMITH,<br>*Petitioner*,<br><br>v.<br><br>STOVER (WARDEN),<br>*Respondent*. | No. 3:23-cv-01645 (JAM) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Brenda Ann Smith is a federal prisoner in Connecticut, and she has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Smith seeks the award of time credits she claims to have earned under the First Step Act for her participation in prison rehabilitation programming. Because Smith has not shown that she is entitled to the time credits she claims, I will deny the petition for writ of habeas corpus.

### BACKGROUND

Smith was arrested on August 27, 2019, and detained in New Jersey at the Essex County Correctional Facility.[1] She was later indicted by a federal grand jury in June 2020, then entered a plea of guilty to a charge of federal securities fraud in September 2021, and she was eventually sentenced by a federal court in New Jersey to a term of 109 months of imprisonment on May 4, 2022.[2] Nearly three weeks later, Smith was transferred on May 24, 2022 from the Essex County Correctional Facility to the custody of the federal Bureau of Prisons at FCI Danbury in Connecticut where she is presently serving her sentence.[3] Smith has filed a petition for writ of habeas corpus seeking credit against her sentence on the basis of rehabilitation programming that she completed before she started serving her sentence at FCI Danbury.

---

[1] Doc. #1 at 6; Doc. #7 at 1.
[2] Doc. #1 at 6; Doc. #7 at 1; Doc. #7-1 at 4.
[3] Doc. #1 at 6, 9; Doc. #7 at 1-2; Doc. #7-3 at 3.

1

**DISCUSSION**

The First Step Act ("FSA") allows federal prisoners to earn time credits against their sentences by taking part in rehabilitation programming. *See* 18 U.S.C. § 3632(d)(4). Because the award of time credits implicates the manner of execution of a prison sentence, if a prisoner believes that the Bureau of Prisons has not awarded time credits earned under the FSA, then the prisoner may seek relief by means of a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2241. *See Sanchez v. Warden at F.C.I. Hazelton*, 2024 WL 1969792, at *2 (S.D.N.Y. 2024).[4]

Smith primarily argues that she is entitled to the award of FSA time credits for programming that she completed while in pre-trial detention at the county prison in New Jersey before she was sentenced for her federal crime on May 4, 2022. But Smith is incorrect, because the FSA does not allow credits to be awarded for a prisoner's pre-sentencing rehabilitation programming.

In particular, the FSA states that "[a] prisoner may *not* earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed— … (ii) during official detention *prior to the date that the prisoner's sentence commences* under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii) (emphases added). Section 3585(a) in turn provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

As the Second Circuit has made clear, "under 18 U.S.C. § 3585(a), a federal sentence cannot commence prior to the date on which it is imposed." *Lopez v. Terrell*, 654 F.3d 176, 185

---

[4] Unless otherwise noted and for ease of reading, this ruling omits all internal quotations, brackets, and derivative citations for all quotations from cases.

(2d Cir. 2011) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)). Therefore, the FSA does not allow Smith to receive credit for any rehabilitation programming she completed before she was sentenced on May 4, 2022. *See Snyder v. Stover*, 2024 WL 2836229, at *2 (D. Conn. 2024); *Nishida v. Segal*, 2024 WL 1722371, at *3, *report and recommendation adopted*, 2024 WL 1718810 (D. Minn. 2024).

Smith further argues that she is entitled to credit for post-sentence programming she participated in between the date of her sentencing on May 4, 2022 until the date of her arrival at FCI Danbury on May 24, 2022. But Smith furnishes no evidence that she took part in any programming during that time period.[5] So I need not decide whether the FSA allows credit for such post-sentencing rehabilitation programming that occurs prior to a prisoner's arrival at the facility where she will serve her sentence. *See, e.g., Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023) (rejecting BOP regulation—28 C.F.R. § 523.42(a)—that allows FSA credits to be awarded only upon arrival at BOP facility and concluding that a prisoner could receive credits for post-sentence programming occurring at interim facilities where he was received in custody awaiting transport to BOP detention facility).

Smith complains that she was subject to egregious delays between when she was arrested and ultimately sentenced. But even assuming this to be true, the FSA does not admit of any equitable exceptions to allow for credits to be awarded to a prisoner for participating in rehabilitation programming prior to the date of sentencing. A court cannot re-write the law to authorize the award of credits beyond what the law allows.

---

[5] The respondent disputes that Smith took part in any programming during that time period. Doc. #7 at 10. Nor does an exhibit submitted by Smith that lists her programming while at Essex County Correctional Facility show that she took part in any programming during May 2022; it shows she last accessed programming at Essex County Correctional Facility in February 2022. Doc. #10 at 2-6.

As the respondent notes, for overall sentence calculation purposes the BOP has given Smith credit for the years she spent in pre-trial detention at the Essex County Correctional Facility. *See* 18 U.S.C. § 3585(b) (providing that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed … that has not been credited against another sentence"). But this statutory authority to credit a prisoner for pre-trial detention is distinct from the statutory authority under the FSA to give a prisoner additional credit for taking part in rehabilitation programming.

## CONCLUSION

For the reasons set forth above, the Court DENIES the petition for writ of habeas corpus (Doc. #1). The Clerk shall enter judgment in favor of the respondent and close this case.

It is so ordered.

Dated at New Haven this 20th day of June 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge